## STATE OF MINNESOTA *vs.* CHARLES GREAR.

### November 19, 1881.

**Criminal Law—Confession under Intoxication.**—A confession of crime or of inculpatory facts, by one intoxicated at the time of making such confession, may be received in evidence against him, the intoxication affecting the weight of the confession as evidence against the accused, rather than its competency.

**Same—Misleading Instructions to Jury.**—Instructions by the court to the jury, in a criminal case, of a nature to induce the belief that the jury may have been misled to the prejudice of the defendant, is sufficient reason why a new trial should be granted, even though the instructions be not erroneous as abstract legal propositions. The jury are not to be left to choose between apparently conflicting statements of the legal principles involved in the case.

Appeal by defendant from an order of the district court for Hennepin county, *Vanderburgh, J.*, presiding, refusing a new trial.

*A. N. Merrick*, for appellant.

*William J. Hahn*, Attorney General, for the State.

DICKINSON, J. The defendant was indicted for an assault, being armed with a dangerous weapon, with intent to do great bodily harm. Upon trial he was convicted of this offence. Upon bill of exceptions, motion was made for a new trial, and from an order overruling the same this appeal was taken.

Upon the trial, the state called a witness by whose testimony it was proposed to prove statements of the defendant in the nature of a confession. Objection was made to this, upon the ground that, as was claimed, the defendant was so intoxicated at the time of the alleged confession that he did not know what he was saying, and defendant's counsel claimed the right to examine the witness upon

this point before his evidence of the confession should be received, and offered also to call other witnesses to the same fact at the same stage of the trial. This was refused by the court, and exception was taken. The court was right. Intoxication of the accused at the time when he may have made a confession would have affected the weight of the confession as evidence against himself, but would not go to exclude the confession from being put in evidence. *Com.* v. *Howe,* 9 Gray, 110; Whart. Cr. Ev. 675–6. That degree of intoxication which leaves one capable of making a narration of past events, or of stating his own participation in a crime, is not sufficient to exclude the inculpatory statement from the consideration of the jury.

It appears that the defendant also relied upon the fact of intoxication at the time of the alleged commission of the offence. In its charge to the jury, the court, speaking of intoxication as a defence, said: "In reference to this subject I have seen nothing more to the point than the language of the supreme court of California on the same subject: 'It is a well-settled rule that drunkenness is no excuse for crime. Insanity produced by intoxication does not destroy responsibility. When a party voluntarily makes himself intoxicated, drunkenness affords no defence whatever to the fact of the guilt, for when a crime is committed by a party when in a fit of intoxication, the law will not permit him to avail himself of his own gross vice to shield himself from the consequences of his crime. Evidence of drunkenness can only be considered by the jury for the purpose of determining the degree of crime.'" The court then adds: "I referred to this distinction as to the degree in its application to offences where proof of premeditated design might be required, as in murder in the first degree, and where, as in this case, the intent is emotional, (probably this word, in the bill of exceptions, should read 'material,') and in cases where a party might be responsible for his acts, if he had any intelligent consciousness when he committed some act of violence, as in the case of manslaughter." The defendant excepted "to that portion of the charge which was read by the court from a decision of the supreme court of California," and which is given in the above extract from the charge.

If the language excepted to would be a correct exposition of the law in a proper case, as to this case it was inapplicable, and likely to mislead the jury to the prejudice of the defendant. Taking the whole charge together, we can see that the court correctly apprehended the law as to the defence of intoxication in a case like that at bar; and in other parts of the instructions the proposition was in substance given in charge to the jury, that intoxication to such a degree as to render the assailant incapable of entertaining an intent to do great bodily harm, the intoxication not being voluntarily induced with a view to the commission of crime, was a defence to the charge against this defendant; nor is it probable that the court intended to detract from the force of such instruction; but without a clearer explanation than was given by the court of the passage read to the jury as the law, it is to be apprehended that the jury may have understood its meaning to be, that intoxication could be no defence to the crime charged in the indictment. This being so, the fault was not cured by the fact that elsewhere in the charge the law of this defence was correctly stated. The whole charge is such as to lead to the belief that the jury may have been left confused and uncertain, even if they were not misled, as to the law in this respect, and a new trial must, for this reason, be granted.

Order reversed, and a new trial ordered.