(41 Misc. Rep. 191.)

## PEOPLE v. KENT.

(Supreme Court, Special Term, Monroe County. July, 1903.)

1. CRIMINAL LAW—CONFESSIONS—ADMISSIBILITY.
    Confessions voluntarily made by a person charged with crime, while he was in a hospital, to a coroner and others, regarding the offense with which he was accused, are admissible against him.

2. SAME—INFLUENCE OF DRUGS.
    That accused at the time of making certain admissions and confessions was under the influence of drugs which affected his recollection and consciousness did not render such confessions and admissions incompetent against him, but merely affected the weight to be given them by the jury.

3. SAME—ADMISSIONS AND CONFESSIONS—DETERMINATION OF ADMISSIBILITY—TRIAL—PRESENCE OF JURY.
    Where on the trial of an indictment it was contended that certain admissions and confessions were obtained from defendant while he was under the influence of drugs, it was not error for the court, while conducting a preliminary examination as to the admissibility of such confessions, to refuse to order the jury to retire.

Leland Dorr Kent was convicted of manslaughter, and applies for a certificate of reasonable doubt. Application denied.

Stephen J. Warren, Dist. Atty., for the People.
George Raines, for defendant.

DAVY, J. The defendant was convicted in the county court of
Monroe county of the crime of manslaughter in the first degree, for
willfully aiding, encouraging, and assisting Ethel Blanche Dingle in
committing suicide by cutting her throat, for which crime he was
sentenced by the court to the State Prison at Auburn for the period
of 20 years. Application is now made by the defendant for a cer-
tificate of reasonable doubt, which, if granted, stays the execution
of the judgment of conviction pending defendant's appeal to the
Appellate Division.

The two principal points raised and urged by the learned counsel
for the defendant on the argument of this motion, were: First, that
it was error to receive in evidence the statements made by the de-
fendant to Coroner Killip and others at the hospital, for the reason
that the defendant was under the influence of drugs which affected
his recollection and consciousness to such an extent as to make his
statements inadmissible; second, that the court erred in not permit-
ting the jury to retire while the testimony of the defendant upon the
preliminary examination was being taken.

It appears that the preliminary examination to determine whether
the defendant's statements to the coroner should be received in evi-
dence was adopted by the court at the suggestion of the learned coun-
sel for the defendant. This mode of procedure to determine the
defendant's mental condition at the time he made the statements was
wholly unauthorized by any rule of law that I have been able to dis-
cover. The statements of the defendant were competent evidence,
even though he was under the influence of liquor or drugs at the
time he made them, and no preliminary examination was necessary to
determine their competency. Section 395 of the Code of Criminal
Procedure expressly provides that a confession, whether made in
judicial proceedings or to a private person, can be given in evidence,
unless made under the influence of fear produced by threats, or upon
a stipulation of the district attorney not to prosecute therefor; but
there must be additional proof of the commission of the crime to
warrant a conviction. People v. McCallam, 103 N. Y. 588, 9 N. E.
502; People v. Deacons, 109 N. Y. 374, 16 N. E. 676. The defend-
ant's statements made to the coroner were admissible in evidence,
and the court could not, as a matter of law, hold that they were
incompetent. There was no claim or pretense that they were made
under the influence of fear produced by threats.

The fact that the defendant was under the influence of drugs or
liquor, which affected his recollection, did not make his declarations
inadmissible or incompetent. It simply affected his credibility, and
the weight to be given to his statements by the jury. Jefferds v.
People, 5 Parker, Cr. R. 522; Com. v. Howe, 9 Gray, 110; State v.
Grear, 28 Minn. 426, 10 N. W. 472, 41 Am. St. Rep. 296; White
v. State, 32 Tex. Cr. R. 625, 25 S. W. 784. He may have been un-
der the influence of drugs and liquor to such an extent as to have
been unconscious of what his words meant, or he may only have

been excited by the drugs and liquor, and yet possessed of his reason and judgment. These were questions of fact for the jury, and were properly submitted for their consideration.

If a person voluntarily takes drugs or becomes intoxicated, it does not excuse a criminal act committed while under the influence of such intoxication or drugs. Section 22 of the Penal Code provides that:

"No act committed by a person while in a state of voluntary intoxication, shall be deemed less criminal by reason of his having been in such condition. But whenever the actual existence of any particular purpose, motive or intent is a necessary element to constitute a particular species or degree of crime, the jury may take into consideration the fact that the accused was intoxicated at the time, in determining the purpose, motive or intent with which he committed the act."

In Jefferds v. People, supra, it was held that it was not a good reason for striking out evidence of confessions made by the prisoner, where it appeared that they were made while he was intoxicated, even where the confessions had been obtained by a police officer who furnished liquor in order to ingratiate himself in the confidence of the prisoner. Judge Ingraham, in speaking for the court, said it belongs to a jury in such a case to say how far the prisoner was affected by the influence of liquor when he made the confessions, and what weight they are entitled to. In Rex v. Spillbury, 7 Car. & P. 187, 32 Eng. Com. Law, 565, Coleridge, J., held that statements made by a prisoner when he was drunk to a constable were admissible; that the degree of credit to be given such statements was a question for the jury. It belonged to them to say how far the prisoner was affected by the liquor which he drank when he made the confessions, and what weight should be given to his statements. It was held in People v. Ramirez, 56 Cal. 533, 28 Am. Rep. 73, that a confession made by a prisoner under the influence of liquor furnished him with the consent of the officer having him in charge, but not influenced by anything said to him by the officer, was admissible in evidence. Elementary writers upon criminal evidence all agree that, when confessions or statements are made by a prisoner while intoxicated, they become questions of fact for the jury to say how far the prisoner was mentally affected by the liquor when he made the confessions, and what weight and credit should be given to his testimony. Whart. Crim. Ev. § 636; Underhill, Crim. Ev. § 136; 3 Rice, Crim. Ev. § 315.

No preliminary examination, therefore, was necessary to determine whether the defendant's statements while under the influence of drugs or liquor were admissible in evidence. The court committed no error in refusing to allow the jury to be withdrawn during the examination of the defendant.

The rule is well settled that upon a trial of an indictment, if the prisoner offers himself as a witness and testifies in his own behalf, he thereby becomes subject to the same rules and must submit to the same tests which are legally applied to other witnesses. Even if a preliminary examination had been necessary to enable the court to determine whether the statements were competent evidence to be admitted, the court, in its discretion, could conduct such examina-

tion in the presence of the jury, and unless that discretion was abused it constituted no error.   In the case of People v. Smith, 104 N. Y. 494, 10 N. E. 873, 58 Am. Rep. 537, a question arose`as to the admissibility of statements made by the deceased, which were offered in evidence as dying declarations.   The court held that such preliminary examination, in the discretion of the court, may be conducted in the presence of the jury, but during it they stand simply in the attitude of spectators.   With the testimony they have no concern, it being given merely for the information of the court, and, until by its ruling some portion of it is presented to the jury as competent evidence in the case, there is nothing to which the defendant could except as constituting legal error.   People v. Cassidy, 133 N. Y. 612, 30 N. E. 1003.

After a careful consideration of the questions raised upon this application, I have reached the conclusion that the exceptions to the rulings of the court are not well taken, and do not entitle the defendant to a certificate of reasonable doubt.   If I entertained any doubt as to his guilt, I might feel constrained to grant a stay.   But taking into consideration the defendant's conduct, his letters, and the evidence referred to in the judge's charge, I am unable to see how the jury could have reached any other conclusion that that he was guilty of the crime charged against him in the indictment.   There is nothing in his conduct that entitles him to the sympathy of the court. To allow a man convicted of such a crime to go at large, when his guilt is so apparent, would tend to bring the administration of criminal justice into disrepute.   The motion, therefore, for a certificate of reasonable doubt, is denied.

Motion denied.