ARCH LINDSEY, *Plaintiff in Error,* v. THE STATE OF FLOR-IDA, *Defendant in Error.*

Opinion Filed October 28, 1913.

CONFESSIONS—INTOXICATION LESS THAN MANIA DOES NOT EXCLUDE.

Intoxication, less than mania, does not exclude a confession made during its continuance, but is a fact for the jury tending to discredit such confession.

Writ of error to Circuit Court of Santa Rosa County; J. Emmett Wolfe, Judge.

Judgment affirmed.

*J. T. Wiggins,* for Plaintiff in Error;
*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

TAYLOR, J.—The plaintiff in error, hereinafter referred to as the defendant, on an indictment charging him with murder in the first degree, was convicted, in the Circuit Court of Santa Rosa County, of manslaughter, and from the judgment and sentence imposed takes writ of error here.

One David Mitchell as a witness for the State testified that he arrested the defendant after the tragedy, and found him in a very drunken condition, so that he had to lift him into a buggy to take him off; that while in this condition the defendant, without any threats or holding out of any promises or hope of reward. or advantage to himself, freely and voluntarily and of his own volition, told him that he had shot the deceased and had shot him under the shoulder; that he, the witness, told him he thought that he had missed him, to which the defendant replied: "I did'nt miss him, I shot him right under the shoulder; about the time I pulled the trigger he turned." The witness further stated that the defendant was so drunk he had to hold him in the buggy, but had intelligence enough to. make the above statements to him, and made them on his own initiative and of his own volition without any threats from him or inducements or hope of advantage being held out to him. The defendant here, by his counsel, moved the court to strike this evidence relative to the statements made to the witness by the defendant because there was an inducement when the witness told the defendant that the deceased had been missed; but the court denied this motion, to which exception was taken and this ruling constitutes the first assignment of error. There was no error here. As to the specific ground upon which the motion to strike was based, *viz*: that because the witness told the defendant he thought he had missed the deceased, that this was an inducement held out to the defendant, we fail to see how this can be construed into any inducement to the defendant to talk. It may have pricked his vanity over his skill in the use of a rifle to have it intimated that he had missed his target, but in the sense

contemplated by the rule of law that to make a confession admissible there must be no inducement held out to the accused for such confession, this cannot by any process of legitimate reasoning be contorted into an inducement such as the rule of evidence inhibits. It is contended here in support of this assignment that the defendant was shown by this witness to have been very badly intoxicated when these statements were made by him, and that therefore his statements could not have been freely and voluntarily made. The rule of law seems to be well settled that the drunken condition of an accused when making a confession, unless such drunkenness goes to the extent of mania, does not affect the admissibility in evidence of such confession, but may affect its weight and credibility with the jury. State v. Berry, 50 La. Ann. 1309. Intoxication, less than mania, does not exclude a confession made during its continuance, but it is a fact for the jury tending to discredit such confession. State v. Hogan, 117 La. 863, 42 South. Rep. 352; Lester v. State, 32 Ark. 727; Eskridge v. State, 25 Ala. 30; State v. Grear, 28 Minn. 426, 10 N. W. Rep. 472; Commonwealth v. Howe, 9 Gray (Mass.) 110; Mixon v. State, 36 Tex. Cr. Rep. 66, 35 S. W. Rep. 394; White v. State, 32 Tex. Cr. Rep. 625, 25 S. W. Rep. 784; People v. Kent, 83 N. Y. Supp. 948; State v. Feltes, 51 Iowa 495, 1 N. W. Rep. 755.

The defendant as a witness on his own behalf, after testifying that he and the deceased, who was his son, had been at outs with each other for two years was asked the following question: "What first started the trouble between you?" "How many of your children took sides with John (the deceased)?" The court sustained objections of the State Attorney to both of these questions, exceptions to the rulings were duly taken and they are

assigned as error. We do not think there was any error in either of the rulings. As to what it was that two years before the tragedy first started the ill-feelings. between the defendant and his deceased son, was too remote and was wholly immaterial and irrelevant to any issue in the case. And the same may be said of the second of the above questions excluded by the court. After the defendant had testified in substance that when the deceased drove up to the scene of the tragedy he stated that he had a gallon of whiskey and nothing to do but to ride around and drink it, the State Attorney called a witness in rebuttal, and asked the witness who was present at the scene of the tragedy, whether the deceased had then and there made the remark to the effect that he had a gallon of whiskey and nothing to do but ride around and drink it. To this question the defendant objected, but the court permitted the question to be asked and answered, to which ruling exception was taken and it is assigned as error. While it is true that this was somewhat of an immaterial point in the case, yet we cannot say that the ruling here assigned was reversible error, since we cannot see how the defendant was materially injured thereby.

The last assignment of error is the denial of the defendant's motion for new trial made on the grounds that the verdict of the jury is not supported by the evidence and is contrary to the evidence. Without a rehearsal of it here, it is sufficient for us to say that the evidence abundantly sustains the verdict returned, and finding no reversible error in the record, the judgment of the Circuit Court in said cause is hereby affirmed at the cost of Santa Rosa County, the plaintiff in error having been adjudged to be insolvent.

SHACKLEFORD, C. J., AND COCKRELL, HOCKER, AND WHIT-
FIELD, J. J., concur.