## BERT BRUNKE v. STATE OF FLORIDA

33 So. (2nd) 226
January 13, 1948

January Term, 1948
Division A

*Chas. E. Flynn,* for appellant.

*J. Tom Watson, Attorney General,* and *Reeves Bowne,* Assistant Attorney General, for appellee.

SEBRING, J.:

The appellant, Bert Brunke, was jointly tried with one Frank J. Vachevicz under a criminal information in five

counts, in the Criminal Court of Record for Duval County. After all of the evidence was in the County Solicitor abandoned two of the counts and the case went to the jury on the remaining three counts. These counts, framed on a set of facts growing out of a single and related transaction, charged armed robbery, larceny of a taxicab, and the kidnapping of the driver contrary to section 805.01 Florida Statutes 1941. The jury found the appellant Brunke guilty as to each of the three counts and the trial court entered its judgment and sentence on the verdict. Brunke has taken an appeal from the judgment and sentence.

We are of opinion that the evidence adduced was sufficient to sustain the verdict and judgment as to each of the three counts submitted to the jury. The only real question before us, therefore, is whether the trial of the defendant was free of prejudicial error.

There is no merit to the contention that the judgment should be reversed because of orders made by the trial judge refusing to grant motions for continuance and for a severance. The rule is that an application for continuance is one addressed to the sound discretion of the trial court and an order made thereon will not be reversed unless there has been a palpable abuse of judicial discretion. See Acree v. State, 153 Fla. 561, 15 So. (2nd) 262. The same rule obtains with reference to motions for severance. Ballard v. State, 31 Fla. 266, 12 So. 865; Samuels v. State, 123 Fla. 280, 166 So. 743. We fail to find in the record any evidence of an abuse of discretion by the trial judge in entering the orders that he did.

On this appeal it is contended for the first time by the appellant that the judgment should be reversed and a new trial awarded, because the court failed to charge the jury in respect to the weight and consideration to be given an extra-judicial confession made by the appellant to one of the arresting officers prior to trial and used at the trial by the prosecution. It is said that the charge should have been given, even though not requested by the defendant.

From the record it appears that during the course of the trial certain evidence with respect to the voluntariness of the confession alleged to have been made by the appellant was

first heard by the trial judge out of the presence of the jury. In this preliminary inquiry, the appellant offered no testimony on the issue but did object to the evidence adduced by the State, on the ground that when he was interrogated the appellant "was under the influence and coercion of these officers at the time he made any such statement." The objection was overruled; the trial judge determining, as a matter of law, that the alleged confession was admissible. After this ruling the jury was brought back to the box and all testimony in respect of the confession was narrated by the interrogating officer to the jury. No objection was made at that time to the testimony given, nor was any countervailing testimony offered by the appellant.

At the close of all the evidence and the argument of counsel the trial judge proceeded to charge the jury but gave no instruction concerning the weight to be given an alleged confession. The appellant did not request any instruction on this point, nor did he raise any objection to the fact that no such instruction had been given by the trial judge of his own motion; and when at the close of the instructions the trial judge directed an inquiry to appellant's counsel as to whether or not in respect of the charge given there were "any objections on the part of the Defendants," the answer of counsel was "No, Your Honor." Subsequently, the appellant filed his motion for a new trial, and even then did not raise the objection. It was only when the appeal was taken and grounds of appeal were filed that appellant saw fit to raise the objection for the first time.

It is argued by the appellant that his failure to make timely objections to the failure to give the instruction, or to request such a charge on his own motion, does not affect the fact that he is entitled to a reversal of this judgment, even though no such instruction was requested by him. The appellant relies on Harrison v. State, 149 Fla. 365, 5 So. (2nd) 703, to support this position.

It is true that in Harrison v. State, supra, this court held, in a case involving the death penalty, that "It was the duty of the trial court *under the circumstances of this case* to so charge the jury, whether requested so to do by counsel or

not." (Italics supplied). But we think that the underlying facts of that case are so at variance with the facts of the case at bar as to afford no substantial basis for the appellant's position.

In the Harrison case, as has been indicated, the defendant was indicted for first-degree murder and was found guilty without a recommendation of mercy. During the course of the trial, objections were seasonably made by his counsel to the reception in evidence of a purported confession given by him prior to trial. In addition to the purported confession, certain testimony was given at the trial by one of the deputy sheriffs who had the defendant in custody during the trial, with reference to incriminating statements made by the defendant while he was being transported from the courtroom to the jail under guard. Upon objection, these statements were excluded by the trial judge and the jury was instructed to disregard the statements. Without the confessions there could have been no conviction of the defendant; and it could not be fairly said that the statements made by the deputy sheriff on the witness stand, even though the jury was instructed to disregard them, did not subconsciously weigh with the jury in arriving at the verdict rendered.

Section 924.32 (2) Florida Statutes, 1941, make it the duty of this court "Upon an appeal from the judgment by a defendant who has been sentenced to death ... to review the evidence to determine if the interests of justice require a new trial, whether the insufficiency of the evidence is a ground of appeal or not." In considering the Harrison case on the appeal this court reviewed the evidence in the light of this statute, and came to conclusion that *under the circumstances of the case* the interests of justice required a new trial. It would appear, therefore, that the quoted statute was just as implicit in the decision of the court as though it had been written in the opinion verbatim; and the decision reached by the court might well have been put squarely on that ground without reference to the question of the failure of the trial judge to give an instruction concerning confessions, when not requested to do so.

With reference to the case at bar no such situation obtains as existed in the Harrison case, for even without the testimony relating to the confession the evidence still would have been sufficient to have sustained a conviction on the three counts charged.

Section 918.10 Florida Statutes 1941 as amended by Chapter 22775, Sec. 1, Laws of Florida, 1945, requires that "The presiding judge shall charge the jury *only* upon the law of the case at the conclusion of argument of counsel, and must include in said charge the penalty fixed by law for the offense for which the accused is then on trial." (Italics supplied). No legislative definition is contained in the statute as to what shall be comprehended within "the law of the case," but we think a reasonable guide may be found in section 54.17 Florida Statutes, 1941, which applies to cases and proceedings at law and which prior to amendment applied also to criminal proceedings. See Secs. 4363 and 8397, C.G.L. 1927. As indicated by Section 54.17, supra, to charge upon "the law of the case" is to charge "upon some points of law arising in the trial of said cause." The statute places this duty upon the trial judge and, except in capital cases, the charge need not be in writing but "shall be taken by the court reporter, transcribed by him, and filed in the cause." See Sec. 918.10 (a) Florida Statutes 1941. If in the opinion of a defendant points of law other than these comprehended within "the law of the case" are given by the trial judge, the defendant may protect himself on the record by objecting thereto "before the jury retires to consider its verdict, stating distinctly the matter to which he objects, and the grounds of his objection." See Sec. 918.10 (4) Florida Statutes 1941. On the other hand, if defendant is of opinion that the trial judge may not, or will not, give adequate charges on all phases of "the law of the case," it is his duty "At the close of the evidence, or at such earlier time during the trial as the court reasonably directs . . . to file written requests that the court instruct the jury on the law as set forth in the requests." See Sec. 918.10 (3) Florida Statutes 1941. And in the event the trial judge refuses to give the charge precisely as requested, the defendant may save the point by making his objections. See Sec. 918.10 (4) Florida Statutes, 1941.

It follows from the conclusions we have reached that the judgment appealed from should be affirmed.

It is so ordered.

THOMAS, C. J., TERRELL and CHAPMAN, JJ., concur.