47 So.2d 308 (1950)
FOREMAN
v.
STATE.
Supreme Court of Florida, Division A.
June 27, 1950.
Rehearing Denied July 31, 1950.
*309 Hubbard & Carr and Myron H. Lewis, Miami, for appellant.
Richard W. Ervin, Attorney General and Reeves Bowen, Asst. Atty. Gen., for appellee.
THOMAS, Justice.
The appellant was convicted of murder in the second degree in a trial on an indictment charging him with murder in the first degree.
In his appeal he raises two points, both growing out of an occurrence at the close of the testimony and the charge to the jury, and on the eve of the retirement of the jury to consider a verdict.
The appellant was alleged to have designedly slain a colored woman, and his defense was that a short time before the altercation she had sworn to have him killed. He claimed that when they later met in a saloon he asked if the men accompanying her were the ones she had chosen as his assassins; whereupon one of them, to quote appellant, said: "`Yes. What the hell you going to do about it?'" Appellant, continuing, testified: "* * * he come out with his pistol. When he come out with his pistol, my pistol was in my bosom, and I pulled it out and I fired, which hit her under accident, which I was not shooting at her."
Thus, according to appellant's version of the fracas, was presented the mixed defense of justifiable and accidental homicide  justifiable so far as the defense of himself against the assault of the man was concerned, excusable so far as missing the man and killing another.
We think it would not have been inappropriate to charge the jury that "if the killing of the party intended to be hit would, under all the circumstances, have been excusable or justifiable homicide, upon the theory of self-defense, then the unintended killing of * * * a by-stander, by a random shot fired in the proper and prudent exercise of such self-defense, was also excusable or justifiable." Pinder v. State, 27 Fla. 370, 8 So. 837, 841, 26 Am. St.Rep. 75. See also Brown v. State, 84 Fla. 660, 94 So. 874.
But we see no reason to reverse the judgment because the judge did not charge the jury more in detail on the combined factors of justifiable and excusable homicide which the appellant relied upon as a defense. In the first place, the judge had already defined in general terms both justifiable and excusable homicide in his written charge. In the second place, the request was so informally made that no obligation was placed upon him to examine the merits of the charge counsel had in mind, much *310 less compose such a charge and read it to the jury. When the charges had been read, counsel simply asked, "Will your Honor please give an instruction on the definition of self defense?" A colloquy then occurred among the judge and counsel for the state and for the defendant, which we shall later discuss in considering the second and last question.
One may not in such manner cast the burden on the court of giving the law on a particular phase of the controversy, even assuming that the request as it was made apprised the court that he was being importuned to charge the jury on the nature of excusable homicide as well as self-defense as they may have coincided according to appellant's description of the killing. To have secured such a charge, or have saved the point, he should have prepared the charge in writing and submitted it to the judge. Section 918.10(3), Florida Statutes, 1941, and F.S.A. Brunke v. State, 160 Fla. 43, 33 So.2d 226. This procedure was even more necessary in a case of murder in the first degree, where the judge was obliged to reduce his charges to writing. Section 918.10(2), Florida Statutes, 1941, and F.S.A.
The second question constitutes a challenge of the propriety of the judge's remarks following the question by counsel for defendant which we have just quoted. He asked if self-defense was an element of the case, and counsel for the state replied that it was not but that the defendant claimed the death of the deceased to have been accidental. The court stated its view that there was no self-defense "as far as the deceased is concerned" and denied the request for the additional charge. The appellant asserts that this remark of the court was not only incautious but also prejudicial because the jury became influenced by a statement from the bench that the element of self-defense was not present in the case and not available to him.
We must agree with the attorney general on this point too. We are not inclined to judge the propriety of the remarks when the record is entirely bare of any objection to them on the part of the appellant.
There is no proper foundation in the record for the determination of the two questions presented here; so we do not hesitate to announce that the judgment is 
Affirmed.
ADAMS, C.J., and TERRELL and ROBERTS, JJ., concur.