DAYTON, Associate Justice.
Appellant was tried in the Criminal Court of Record of Hillsborough County and convicted of buying, receiving and aiding in the concealment of stolen property, and was sentenced to serve a term of five years in the State prison. From such judgment and sentence this appeal is taken.
The count of the information filed' by the County Solicitor upon which defendant was found guilty by a jury charged that appellant “did unlawfully and feloni-ously buy, receive and aid in the concealment of stolen property, to wit: one eight-foot Westinghouse refrigerator and one L5 Westinghouse DeLuxe Laundermat, a further description of which is to the Solicitor unknown, the property of Foster Associates, Inc., a corporation.”
Appellant contends that there was a fatal variance between the charge as contained in the information and the proof of same by the State’s witnesses, and also that the Court erred in failing to instruct the jury upon the question of the testimony of an accomplice.
The record shows that State’s witness Maurick H. Foster, President and General Manager of Foster Associates, Inc., testified that on March 28, 1951 his Company owned “one eight-foot Westinghouse refrigerator and one L5 Westinghouse DeLuxe Laundermat”; that the same were stored at his place of business on the night of March 28, 1951 and were missing on the morning of March 29, 1951, having been stolen during the night of March 28th and morning of March 29, 1951. The witness Foster also testified that appellant came to him approximately six weeks before the trial and offered him $600 as a settlement to drop the case, and that he informed appellant that the case was out of his hands inasmuch as it had been turned over to the State for prosecution, and he was, therefore, unable to make any settlement.
State’s witness Buckine testified that he was instructed by appellant to pick up one Sam Garcia and for the two of them to go to Foster Associates, Inc. and “pick up a washing machine — I mean a stove and frigidair.” That he, Buckine, followed instructions, and with Sam Garcia took two crates from Foster Associates, Inc., on the night of March 28, 1951, and that they drove *652 to appellant’s home where appellant joined them in the rental truck which they were using, and the three of them then drove to an unfinished house in Tampa and unloaded the two crates and placed them in the kitchen of the unfinished house, and that thereafter they returned appellant to his home and then returned the truck to' the rental agency.
Buckine testified that he knew one of the crates contained a refrigerator, and that he did not know whether the other crate was an electric stove or a washing machine because when crated they are approximately the same size. He testified that the word “.Westinghouse” was written on one of the crates.
Sam Garcia testified that he went with Buckine to Foster Associates, Inc., on the night of March 28, 1951, where they got two crates selected by Buckine and then went to appellant’s home where he joined them and the three men then went to a house on Cherry Street in Tampa and left the two crates there. Garcia stated that one of the crates looked like “an ice box” and that he noticed no sign on the crates except one which read “This side up”; that if there were other signs on the crates he could have read them, “But I didn’t bother to read them, I just took a glance at it and just saw that.”
As to the first question, that is the alleged variance between the allegata and the probata as contended by appellant, we feel that the evidence is sufficient, in the light of the testimony of all the witnesses taken as a whole, to properly identify the property described in the information as having been stolen.
As to the second question with reference to appellant’s contention that the State’s witness Buckine was actually an accomplice and that the jury should have been instructed on the law with reference to the testimony of an accomplice we find that the record contains a statement as follows:
“Q. Your name is Eugene Buckine? A. Yes, Sir.
“Q. You, at the present time, are at the county jail, Hillsborough County, Florida? A. Yes, sir.
“Q. You have entered a plea of guilty, as I understand it, to several of these cases pending against you? A. Yes, Sir.” The record also shows that the witness Buckine told the sheriff’s deputies of the participation in the present case “When I was arrested for those steel door frames.” . The Court instructed the jury that the witness Buckine was not an accomplice, stating that “he has not been charged with any violation of the law in connection with this transaction.”
The record shows that a requested instruction to the jury on the question of receiving the testimony of an accomplice was filed in the office of the Clerk of the Court on the trial date and bears the following notation by the trial judge, “Refused because embraced in instructions already given.”
The record further states that toward the close of his charge to the trial jury tire presiding judge made the following inquiry, “Do you have any requested instructions?” Mr. Minardi: “None from the State, judge.” Mr. Corees: “No, Sir.” The record does not indicate that appellant made any objection to the refusal of the Court to grant the requested instruction before the jury retired consider its verdict, on the contrary it appears from the record that when asked if there were any requested instructions appellant’s counsel stated “No, Sir.”
Appellant contends that the Court committed error in failing to call for a conference with counsel to settle the question of instructions to be given prior to' actual charge of the jury as required by 30 F. S.A. Common Law Rule 39(b) or Section 918.10(4), Florida Statutes, F.S.A.
We feel, however, that the record in the cause does not sufficiently indicate that the witness Buckine was an accomplice to warrant the Court in giving the requested instructions, and that the Court’s refusal to. give such instructions was not substan *653 tial error. It further appears that counsel having stated in response to1 the Court’s question that he had no requested instruction, no useful purpose could have been served by holding a further conference with the attorneys for the respective parties. Appellant is, therefore, prohibited from assigning as error the action on the part of the trial judge. Febre v. State, 158 Fla. 853, 30 So.2d 367; Brunke v. State, 160 Fla. 43, 33 So.2d 226; Dalton v. State, Fla., 42 So.2d 174.
The judgment of the lower Court is, therefore, affirmed.
ROBERTS, C. J., and TERRELL and SEBRING, JJ., concur.