ALLEN, Chief Judge.
The sole question involved in this appeal is the failure of the judge- to instruct the jury on third-degree murder.
The record reflects that defense counsel orally requested an instruction on third degree but submitted no written instruction nor any obj ection when such charge was not given.
The appellant, a white female, was charged with murder in the second degree in the death of her husband, William W. White. There had been bitterness between the two for some time, caused among other things by the husband’s heavy drinking. On the night in question an argument took place out-of-doors and in the view of an eyewitness. The appellant then went to the house and came out with a gun. At this time the victim came out of the store run by the appellant with a cigar box full of money and announced he was leaving. At the appellant’s demand, the deceased abandoned the money and went towards the house. Appellant asked him if he intended to kill her. She then shot at him and missed. The deceased turned around and had a few well chosen words for appellant before resuming his direction toward the house. Appellant then fired again, hitting appellant in the back and killing him.
This court, in the case of State v. Brown, Fla.App.1960, 118 So.2d 574, held that a trial court’s failure to instruct on third-degree homicide when no evidence was presented as to such crime, was not a fundamental error, where no request had been made by defendant for such instruction and failure to so instruct was not set forth in defendant’s motion for a new trial. The court set aside the order of the trial judge granting a new trial and entered a judgment consonant with the verdict of the jury.
Murder in the third degree is defined in Florida Statutes, § 782.04, F.S.A., as a homicide perpetrated without any design to effect death, by a person engaged in the commission of any felony, other than arson, rape, robbery, burglary, the abominable and detestable crime against nature, or kidnap-ing.
The record in this case contains no evidence that the deed comes within the above definition of murder in the third degree, nor does the appellant so contend.
In State v. Brown, supra, we held that the absence of the charge of murder in the third degree was not such fundamental error as to render the judgment erroneous, in view of the failure of the defendant below to raise such objections as required under Florida Statutes, § 918.10, F.S.A.
Florida Statutes, § 918.10, F.S.A.— Charge to jury; request for instructions, provides:
“(1) The presiding judge shall charge the jury only upon the law of *342 the case at the conclusion of argument of counsel, and must include in said charge the penalty fixed by law for the offense for which the accused is then on trial.
“(2) Every charge to a jury shall be orally delivered, and charges in capital cases shall also be in writing. Charges in other than capital cases shall be taken by the court reporter, transcribed by him and filed in the cause.
“(3) At the close of the evidence, or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury.
“(4) No party may assign as error or grounds of appeal the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects, and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury.
“(5) When an objection is made to the giving or failure to give an instruction, no exception need be made to the court’s ruling reviewed, and the grounds of objection and ruling thereon shall be taken by the court reporter, transcribed by him, and filed in the cause.”
On page 184 of the transcript the court asked defense counsel if they had any requested instructions. One of the counsel for defendant replied, “No, sir. We request that the instruction of third degree murder be included in the instructions and charge to the Jury.” The Court stated: “I would like to think about that. I am going to deny your request * * * .” The court then gave detailed instructions to the jury, at the conclusion of which he asked if either side had any further instructions. He then included an instruction given at the request of the-defendant but no requested instructions contained a written instruction on homicide in the third degree nor was there any obj ection to the omission of the court in his charges to instruct on third degree.
In Febre v. State, 158 Fla. 853, 30 So.2d 367, at page 368, the Supreme Court stated:
“While no exception as such is required when an objection is made to the giving or failure to give an instruction, F.S.A. § 918.10(5), the defendant is nevertheless bound by F.S.A. § 918.-10(4), which is as follows: ‘No party may assign as error or grounds of appeal, the giving or the failure to give an instruction, unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to-which he objects, and the grounds of his-objection. Opportunity shall be given to make the objection out of the hearing of the jury.’
“The record fails to show that the-defendant made any objection to the trial court to the giving or the failure to give any instruction. It is now too-late in an appeal for him to assign as error, or as grounds of appeal, the giving or the failure to give an instruction to the jury.”
In Irvin v. State, Fla. 1953, 66 So.2d 288, at page 294, a capital case, the Supreme: Court said:
“The appellant was aggrieved by refusal of the court to charge the jury that in a case of this kind where no-other person was an immediate witness to the rape, the testimony of the pros-ecutrix should be ‘rigidly scrutinized’. He is not entitled to a ruling on this-matter because he did not obj ect to the trial court’s action as he was required to do by section 918.10(4), Florida Statutes 1949, and F.S.A., in order to assign the failure as error or ground of appeal. Consequently, we feel no obligation to discuss or decide this question.”
*343 See also Dalton et al. v. State, Fla.1949, 42 So.2d 174; Foreman v. State, Fla.1950, 47 So.2d 308; Brunke v. State, 160 Fla. 43, 33 So.2d 226, and Richardson v. State, 100 Fla. 835, 130 So. 718.
This court, in State v. Brown, supra, discussed in detail the applicability of a charge of murder in the third degree, and we do not deem it necessary to further elaborate in the case now before the court.
It is the opinion of the court that no reversible error was committed by the lower court in its failure to charge on murder in the third degree under the facts in said case.
Affirmed.