BOYD, Justice
(dissenting);
I must dissent. The failure of the trial court to give a proper charge on excusable and justifiable homicide, as applicable to the facts of this case, coupled with the giving of a misleading charge, constituted prejudicial error requiring a new trial.
In this case defendant was shooting at a man named Barrett, allegedly in self-defense, when he hit and killed a third party bystander, a man named Gamble. He was tried and convicted of murder in the first degree in the death of Gamble.
Since the shooting was admitted, the essential question in the case was the defense of justifiable or excusable homicide.[1] On *365 this the jury was charged in part as follows :
“A homicide committed in self-defense, that is, in the defense of the life of the accused or to protect his person from imminent danger of great bodily harm, is a lawful homicide and justifiable. The right of self-defense is recognized by law and surrounded by certain well-established rules. In the first place, a person relying upon self-defense to justify a homicide must himself be reasonably free from fault in the inception of the difficulty in which the homicide is committed, and it must be necessary to resort to the means used to protect his life or himself from imminent danger of death or great bodily harm, that is sufficient although there life of a deceased need not be actual. If the circumstances surrounding the accused were such as would induce an ordinarily prudent man to believe that he was in danger of death or great bodily harm that is sufficient although there was no danger in fact. One cannot by his own act provoke a difficulty with his adversary and, having provoked such difficulty, act under the necessity produced by this difficulty and kill his adversary or anyone else and justify homicide under the plea of self-defense.” (e. s.)
The italicized language is misleading since the deceased in this case was shot accidentally while defendant was shooting at another person. The question of “necessity to take the life” could only be applicable to the shooting of Barrett, the alleged assailant, who was wounded but not killed by the defendant.
In addition to the foregoing error, the trial court failed to give any charge on the extension of the defense of self-defense, to cover the killing of a bystander. An appropriate charge would have been:
“[I]f the killing of the party intended to be hit would, under all the circumstances, have been excusable or justifiable homicide, upon the theory of self-defense, then the unintended killing of * * * a bystander, by a random shot fired in the proper and prudent exercise of such self-defense, was also excusable or justifiable.” [2]
In Pinder v. State,[3] the following charge was given:
“(3) To constitute excusable homicide by reason of the defendant acting in self-defense, it is necessary that the defendant should have perpetrated the act under the well-grounded belief, justified by the surroundings, that it was necessary to take the life of the person slain in order to save his own life, or to prevent great bodily harm to himself, at the time he fired the fatal shot.” (e. s.)
In Pinder this Court reversed the conviction of murder in the first degree and death sentence, finding that the giving of the foregoing charge was “the most serious error, the one that we think tended most to the prejudice of the prisoner.”[4] The Court stated:[5]
“[TJhis third instruction is erroneous, when applied to the facts in this case, because it deprived the defendant of the defense founded upon the theory that the killing of Joseph Tillman, the deceased, was unintentional, and accidentally brought about by the excusable or justifiable defense of himself against impending danger from a third party. While we do not pretend to say that this defense was maintained by the evidence before us, yet we do think that such a defense was deducible from the evidence, and the *366 prisoner should not have been shut off therefrom as he was by this third instruction, wherein the jury is told that, in order to excuse the homicide upon the theory of self-defense, the defendant must show ‘that it was necessary to take the life of the person slain in order to save his own life,’ etc. It was for the jury to determine from the evidence whether the killing of Tillman under the circumstances was unintentional, and purely the result of a random shot fired by the defendant at another party; and whether the defendant fired that random shot with the degree of prudence, discretion, and care for the lives of others as the surrounding circumstances at the time would justify, in the excusable or justifiable defense of his life or person from impending imminent peril at the hands of the party shot at, but missed.” (e. s.)
In the instant case the errors committed in instructing the jury were not raised in the trial court or argued here as a ground for reversal. These errors are fundamental, however, and in a capital case, the duty of this Court is not limited to consideration of errors assigned by counsel.
Accordingly, I would reverse and remand for a new trial.
DREW (Retired), J., concurs specially.

. 16 Fla.Jur., Homicide § 56: “If the slaying of an attacker would in the circumstances be self-defense, the person attacked will be free from liability if, in attempting to defend himself, he unintentionally kills a third person. A defense of this nature is a mixed one — justifiable so far as the defense of the defendant against his assailant is concerned, excusable insofar as it covers the missing of the assailant and the killing of another.”

. Pinder v. State, 27 Fla. 370, 380, 8 So. 837, 841 (1891); Foreman v. State, 47 So.2d 308, 309 (Fla.1950).

. 27 Fla. 370, 8 So. 837 (1891).

. Id. at 383, 8 So. 840.

. 27 Fla. 370, 385, 8 So. 837, 841 (1891).