HENDRY, Judge.
Appellant was convicted of manslaughter following a non-jury trial upon an information charging him with first degree murder. He was sentenced to seven years in the state penitentiary. This appeal is treated as a direct appeal from a judgment of conviction through the procedural device of habeas corpus. Baggett v. Wainwright, Fla.1969, 229 So.2d 239.
The appellant argues that two statements which he made to the police following his arrest should have been suppressed by the trial judge. He contends that he was not adequately advised of his Sixth Amendment right to counsel under guidelines enunciated by the U. S. Supreme Court in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), nor did he knowingly and intelligently waive his right to counsel. We concur.
The record demonstrates that appellant, who is Spanish-speaking and reads poorly, having attended school only through the second grade, was arrested following the fatal shooting of a laborer at the Camp Beals Labor Camp.
The officer who arrested the appellant also spoke Spanish. The prosecutor at trial asked the officer what language was employed in reciting to appellant his “Miranda” rights. The following colloquy occurred :
“A. I first of all gave it in English. I asked him after each sentence, and he looked kind of dazed. I asked him if he was — I think I gave it in Spanish. (Emphasis ours.)
“Q. How many times in Spanish?
“A. I had read it to him twice.”
The officer also testified that appellant “smelled of alcohol,” and a second officer, who also spoke Spanish and who later took a written statement from appellant at the police station, likewise noted that he “reeked” of alcohol.
Both officers prior to questioning appellant also asked him if he wanted an attorney “at this time” and if he would “talk without the presence of a lawyer.” We do not feel that these “Miranda” warnings were legally sufficient.
In Miranda, the Supreme Court mandated that when a custodial interrogation is undertaken without the presence of an attorney, the state bears a heavy burden to demonstrate that a defendant knowingly and intelligently has waived his right to counsel and his privilege against self-incrimination. The court stated:
“Accordingly we hold that an individual held for interrogation must be clearly informed that he has the right to consult with a lawyer and to have the lawyer with him during interrogation under the system for protecting the privilege we delineate today.” (384 U.S. at p. 471, 86 S.Ct. at p. 1626, 16 L.Ed.2d at p. 722; see also Woods v. State, Fla.App. 1968, 211 So.2d 248; Statewright v. State, Fla.App. 1973, 278 So.2d 652.) [Emphasis supplied.]
Based on the record before us, we cannot conclude that the state has met its *397 heavy burden to establish that the appellant was clearly informed of his right to counsel and that he knowingly and intelligently waived his right thereto.
Therefore, for the reasons stated, the conviction and sentence is reversed and the cause remanded for a new trial.
Reversed and remanded.