HENDRY, Judge.
Appellant was indicted for first degree murder of one Minnie Barnes. A jury returned a verdict finding appellant guilty of second degree murder, and she was sentenced to fifteen years imprisonment.
The evidence adduced at trial against appellant was overwhelming. Appellant seeks reversal and a new trial on the grounds that two statements she made to police officers following her arrest were not obtained voluntarily, and should have been suppressed.
The record demonstrates that three police officers testified they read the Miranda rights to appellant. The appellant indicated that she understood her rights. The officers did note, however, that appellant was under the influence of alcohol and was “upset”. One officer testified the appellant “wasn’t rational, but it wasn’t due to alcohol.”
Further testimony revealed that appellant’s behavior was at times very serious and sober and at times highly emotional. We have determined that the trial court’s findings of fact under the circumstances of this case should not be disturbed. See Lindsey v. State, 1913, 66 Fla. 341, 63 So. 832; Dempsey v. State, Fla.App.1970, 238 So.2d 446.
The officers clearly informed the appellant of her right to consult with counsel and to have counsel present during interrogation, and the record reflects that appellant knowingly and intelligently waived her rights and volunteered statements — one o' which was exculpatory in nature — to the police. See James v. State, Fla.App.1969, *766 223 So.2d 52; Woods v. State, Fla.App. 1968, 211 So.2d 248; Rodriguez v. State, Fla.App., 287 So.2d 395, opinion filed December 21, 1973.
Appellant also contends that the trial court erred by omitting to instruct the jury on how they should weigh and consider the appellant’s statements. This point lacks substantial merit. See Brunke v. State, 1948, 160 Fla. 43, 33 So.2d 226.
Therefore, for the reasons stated and upon the authorities cited, the judgment appealed is affirmed.
Affirmed.