Louis A. **HEYD**, Jr., Sheriff, Parish of Orleans, Louisiana, Appellant,

v.

Robert L. **BROWN** and William J. Hadrick, Appellees.

No. 25848.

United States Court of Appeals Fifth Circuit.

Jan. 13, 1969.

Rehearing Denied Feb. 6, 1969.

Louise Korns, Asst. Dist. Atty., New Orleans, La., for appellant.

James O'Neill, Kenner, La., Philip Brooks, New Orleans, La., for appellees.

Before JOHN R. BROWN, Chief Judge, and THORNBERRY, Circuit Judge, and TAYLOR, District Judge.

**PER CURIAM:**

This appeal arises out of the petitions for habeas corpus filed by two Louisiana prisoners convicted of unlawful possession of heroin. The district court, upon a review of the record of the state court proceedings, found that statements made by petitioners at the time of their arrest and admitted into evidence over their objections had been made in the absence of proper *Miranda* warnings and, accordingly, set aside the convictions and sentences. The State brings this appeal, renewing allegations made before the district court that proper warnings were given and, alternatively, that the error, if any, was harmless.[1] For the reasons set forth in the opinion by Judge Rubin, we reject these two contentions. See Brown v. Heyd, E.D.La.1967, 277 F.Supp. 899.

The State advances for the first time in this Court the further contention that the district judge was required to conduct an evidentiary hearing and determine de novo the adequacy of the warnings given petitioners before reversing the contrary factual determinations by the Louisiana courts. In other words, appellant argues that the federal court is without power to reverse fact findings of the state court unless it conducts a hearing of its own. Although the federal district courts are vested with broad power on habeas to conduct evidentiary hearings, we cannot agree that it becomes the duty of the court to exercise that power where, as here, the state trial court has afforded the applicants a full and fair evidentiary hearing. Townsend v. Sain, 1963, 372 U.S. 293, 312, 83 S.Ct. 745, 757, 9 L.Ed.2d 770.

Nor can we agree that the presumption of correctness conferred upon the state court's factual determination by 28 U.S.C. § 2254(d) can be rebutted only in an evidentiary hearing in the federal court. The statute provides that the district court may disregard the state court's findings of fact where the record of the state proceedings is produced and the federal court "*on a consideration of such part of the record as a whole* concludes that such factual determination is not fairly supported by the record." 28 U.S.C. § 2254(d) (8). (Emphasis added) Inasmuch as the federal district judge was not called upon to resolve conflicts in the testimony,[2] weigh the evidence, or make determinations of credibility, he was within his power in making his findings on consideration of the state court transcript.

Appellee Brown has requested this Court to enlarge the judgment of the district court, which allowed the State to retain custody of petitioners for retrial, by ordering his immediate release. This is a matter vested within the discretion of the district judge and we find no basis for overturning his determination in this instance.

The judgment of the district court is in all respects affirmed.

---

1. The State argued in the court below that petitioners had failed to exhaust state remedies but does not seriously urge this point on appeal.

2. We find no conflict in the testimony of the three arresting officers regarding the adequacy of the warnings. None of the officers testified that he personally gave the proper warning. Although Dapaquier testified that Lampard warned petitioners and Lampard, contradicting Dapaquier, testified that Favalara had warned them, this testimony was quite vague and general, and, accordingly, posed no conflict with the specific testimony of each of the officers indicating that he had not adequately warned petitioners of their rights under Miranda v. Arizona.