**Robert RYAN, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellee.**

No. 28757
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 3, 1970.

Rehearing Denied April 24, 1970.

Robert Ryan, pro se.

Earl Faircloth, Atty. Gen., State of Florida, Tallahassee, Fla., Morton J. Hanlon, Asst. Atty. Gen., Lakeland, Fla., for respondent-appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

■ Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir., 1969, 417 F.2d 526, Part I.

■ In passing upon a habeas corpus petition filed by a state prisoner the United States District Courts are not required to hold a second evidentiary hearing on any point upon which a full and fair hearing was held at the State level, 28 U.S.C. § 2254(d); Shinall v. Breazeale, 5 Cir., 1968, 404 F.2d 785.

This is such a case. We affirm the judgment of the District Court which denied habeas relief.

On January 23, 1964, the petitioner, Robert Ryan, was given a full and complete Florida Rule 1 post conviction hearing by the Circuit Court of Pinellas County, Florida. The transcript is before us. It reflects that, represented by counsel, Ryan pleaded guilty to murder in the second degree. He had been indicted for murder in the first degree. He, at the time, had previously been convicted of a felony and then stood charged with an armed robbery. The armed robbery charge was nolle prossed and, on December 16, 1955, Ryan was sentenced to serve twenty-five years for second degree murder.

■ The transcript of the Florida hearing reflects that this petitioner, upon sound advice of competent counsel, knowingly and voluntarily entered the plea of guilty now under review. We, therefore, have no authority to interfere with the state court sentence.

Affirmed.