Benjamin D. CHISHOLM, Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Director, Florida Division of Corrections, Respondent-Appellee.

No. 29325
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

June 26, 1970.

Benjamin D. Chisholm, appellant, pro se.

Earl Faircloth, Atty. Gen., Tallahassee, Fla., Arden M. Siegendorf, Asst. Atty. Gen., Miami, Fla., for appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

■ We have directed the Clerk to place this case on the Summary Calendar in accordance with the Fifth Circuit Rule 18.

This is an appeal by Benjamin Chisholm from an order of the district court denying, without a hearing his application for a writ of habeas corpus. The district court denied relief on the basis of the state court record. 28 U.S.C. § 2254(d). We affirm.

■ The petitioner-appellant, represented by the Public Defender, was convicted upon his plea of guilty to the charge of rape. October 7, 1966, he was sentenced to life imprisonment. The record reflects that he has exhaust-ed his available state remedies as to his allegation of an improperly induced guilty plea, Chisholm v. State, Fla.Ct. App.1969, 220 So.2d 383, but not as to his allegation that the state trial court erred in denying him leave to withdraw that plea prior to sentencing.

On appeal, Chisholm assigns as error the failure of the district court to hold an evidentiary hearing on the question of the improperly induced plea. This claim is without merit. 28 U.S.C. § 2254(d); Townsend v. Sain, 1963, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770. In Schnautz v. Beto, 5 Cir. 1969, 416 F.2d 214, 215, this Court stated:

The district judge was not obligated to hold an evidentiary hearing where, as here, a full and fair hearing had been held during the state court proceedings. The transcript of that proceeding was received in evidence in lieu of an independent hearing. The district judge adopted the findings and conclusions of the state judge. These findings contained a conclusion that the guilty plea was wholly voluntary.

■■ Here, the district judge had before him, as we now have before us, a copy of the state court proceedings. We can find no error in the district court's conclusion that the petitioner-appellant's plea was entered voluntarily. See Farmer v. Beto, 5 Cir. 1969, 421 F.2d 184; Rogers v. Wainwright, 5 Cir. 1968, 394 F.2d 492. See also United States ex rel. Crosby v. Brierly, 3 Cir. 1968, 404 F.2d 790, 796. The Court is reinforced in this view as the plea was offered only after all the evidence had been presented by both the State and the petitioner-appellant.

The order of the district court dismissing the petition as to the allegation of an improperly induced guilty plea is affirmed.

The order of the district court denying without prejudice the petition as to the withdrawal of Chisholm's guilty plea from failure to exhaust state remedies is affirmed.