**James C. DILLARD, Petitioner-Appellant,**

v.

**S. Lamont SMITH, Warden, Ga. State Prison, Reidsville, Ga., Respondent-Appellee.**

No. 29449.

United States Court of Appeals, Fifth Circuit.

July 28, 1970.

James C. Dillard, pro se.

Arthur K. Bolton, Atty. Gen. of Ga., Atlanta, Ga., for respondent-appellee.

Before THORNBERRY,* MORGAN and CLARK, Circuit Judges.

PER CURIAM:

 This appeal is taken from the district court's denial of appellant's petition for the writ of habeas corpus. Finding no error in the proceedings below, we affirm.[1]

Petitioner, represented by court-appointed counsel, pleaded guilty to burglary and was sentenced to ten years imprisonment. A petition for habeas corpus to the state trial court was denied after an evidentiary hearing, findings of fact and conclusions of law by that court. An appeal to the Supreme Court of Georgia was dismissed for want of prosecution.

In his habeas petition filed in the federal district court petitioner alleged: (1) that he was arrested without a warrant, was not given a preliminary hearing, was interrogated without the aid of counsel, was not advised of his rights, and was held incommunicado for 15 days; (2) that he was adjudged guilty without having entered a plea; (3) that counsel was appointed only a few minutes before trial; and (4) that he was not given a fair hearing in the state court on his habeas petition.

 The district court found that the state hearing was fair, and on an independent examination of the transcript of the state hearing adopted the state court's findings that petitioner was represented by competent counsel and that the guilty plea was validly entered by counsel with petitioner's consent. We agree with the district court's denial of the petition without an independent evidentiary hearing. The state habeas court afforded petitioner a fair and full

---

* (Judge Thornberry did not participate in the opinion).

1. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's Local Rule 9(c) (2), since appellant has failed to file a brief within the time fixed by F.R.A.P. 31. Kimbrough v. Beto, 412 F.2d 981 (5th Cir. 1969).

hearing. The transcript of that proceeding was received in evidence in lieu of an independent hearing. The district court was obligated to do nothing more. *See, e. g.* Sloan v. Beto (5th Cir. 1970) [No. 29399 July 1, 1970]; Chisholm v. Wainwright, 427 F.2d 1138 (5th Cir. 1970).

 The record fully supports the findings of fact adopted by the district court, including the finding that the guilty plea was knowingly and understandingly made. Petitioner testified that he intended to plead guilty, that he agreed to a "deal" made by counsel to plead guilty for a 10-year sentence, and that it would have made no difference if he had pleaded personally. *See* Chambers v. Beto, 428 F.2d 791 (5th Cir. 1970). Since the guilty plea is valid, petitioner's other allegations must fall. A plea of guilty knowingly and understandingly made waives all nonjurisdictional defenses.

Moore v. United States, 425 F.2d 1290 (5th Cir. 1970) and cases cited therein. The judgment below is affirmed.

Affirmed.