238 So.2d 446 (1970)
James Francis DEMPSEY, Appellant,
v.
The STATE of Florida, Appellee.
No. 69-1061.
District Court of Appeal of Florida, Third District.
August 11, 1970.
*447 James Whitmore Miller, Miami, for appellant.
Earl Faircloth, Atty. Gen., and Melvin Grossman, Asst. Atty. Gen., for appellee.
Before PEARSON, C.J., and CHARLES CARROLL and HENDRY, JJ.
PEARSON, Chief Judge.
The appellant was charged by indictment with first degree murder. A jury found him guilty of murder in the second degree. Final judgment, sentence, and this appeal followed.
The evidence to support appellant's conviction is clear and more than sufficient. Appellant urges as error the trial court's denial of (a) his motion to suppress his confession, (b) his motion to preclude testimony relating to a similar crime.
Appellant was arrested and booked by the police of the City of Miami Beach for drunkenness. Approximately one and one-half hours later he was transported by officers of the City of Miami to the City of Miami Homicide Bureau. During the trip between Miami Beach and Miami appellant asked for an attorney. Upon arrival at the City of Miami Police Department appellant was advised of his rights under the decision of the United States Supreme Court in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Appellant was placed in the office of a Lieutenant Shepherd, while necessary preparation was being done. Approximately two hours after arrival at the Homicide Bureau a Sergeant Cinilia requested appellant to sign a written statement concerning his rights. At that time the appellant refused to make a formal statement. Shortly afterward Sergeant Cinilia left the room because of a phone call. About a minute later the appellant made the following statement to Lieutenant Shepherd: "Mr. Shepherd, you know I did it; and I know I did it, but you'll never prove it because I am a perfectionist, and I'll walk away from this one like I walked from the other one. The Grand Jury won't indict me."
Appellant argues that the testimony as to this statement should not have been admitted because (a) it was not voluntary since appellant was drunk at the time; (b) the statement was a result of police questioning after the appellant had asked for an attorney and one had not been provided.
The argument as to the drunkenness of the appellant is based entirely upon supposition, because the appellant had been arrested for drunkenness almost four hours before the statement was made. Several police officers who observed the appellant testified that he was lucid and in full possession *448 of his faculties while he was in custody. One of the officers who testified was a technician trained especially to recognize and evaluate drunkenness. We think under these circumstances the trial court's finding of fact may not be disturbed by this court. Cf. Lindsey v. State, 66 Fla. 341, 63 So. 832, 50 L.R.A.,N.S., 1077 (1913).
Appellant's second attack upon the admission of the statement is based on the argument that the trial court could not under the facts of this case have legally found that the statement was voluntarily given. Appellant agrees that the law as set forth in Miranda v. Arizona, above, allows the admission into evidence of statements freely made to the police which are not the product of questioning. But he urges that the statement was the product of questioning and therefore improperly admitted, because, under Miranda, questioning must cease if a defendant indicates he wants an attorney.
Prior to trial appellant moved to suppress his statement. At the hearing on the motion Lieutenant Shepherd testified that the statement was not the product of interrogation but, rather, that appellant had volunteered the incriminating statement. Appellant did not testify at the hearing, although he could have done so without waiving his privilege against self incrimination at trial. See Simmons v. United States, 390 U.S. 377, 394, 88 S.Ct. 967, 19 L.Ed.2d 1247, 1259 (1968). Cf. Calloway v. Wainwright, 409 F.2d 59, 66 (5th Cir.1969), cert. denied 395 U.S. 909, 89 S.Ct. 1752, 23 L.Ed.2d 222. Under these circumstances the testimony  unrebutted by the appellant  that the incriminating statement was volunteered was sufficient for the trial court to conclude that the statement was not the product of interrogation. The trial court therefore properly denied appellant's motion to suppress the testimony concerning the incriminating statement because: "Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today." Miranda v. Arizona, 384 U.S. 436, 478, 86 S.Ct. 1602, 1629, 16 L.Ed.2d 694, 726. Compare Cook v. State, Fla. App. 1969, 219 So.2d 468.
Appellant's second point is directed to the admission into evidence of the statement made to Lieutenant Shepherd and to another statement made to another witness in each of which the appellant referred to the perpetration of a prior crime. It is urged that the references to the prior crime should have been precluded in each case and that the trial court's refusal to require the state to preclude the references to the prior crime was prejudicial error.
At trial the Dade County medical examiner stated that the victim, Betty Shoemake, died by strangulation by ligature between 6:00 and 10:00 p.m. At approximately 5:30 p.m. on the day of the death a witness saw the appellant and the victim going to the victim's room. Another witness testified that earlier that day the appellant had assaulted her and said "I am going to strangle you like I did the other woman and throw myself in the river."
In each case the statement of the appellant included a reference to a previous crime in which the victim died by strangulation. The record contains evidence that such a crime was actually committed and that the appellant was arrested for the crime but released upon preliminary hearing. Under the law as established in Williams v. State, Fla. 1959, 110 So.2d 654, evidence as to prior crimes is admissible unless the sole purpose of the evidence is to show criminal propensity of the accused. In the present instance it is clear that in making the statements the appellant himself pointed to the fact that the prior crime was executed in the same pattern as the one for which he was convicted. We believe the court did not err in refusing to require the state to preclude the references to the similar crime to which the appellant referred.
*449 Having reviewed the record in the light of appellant's brief and having found no prejudicial error, we affirm the judgment and sentence.
Affirmed.