James F. DEMPSEY, Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Director, Division of Corrections, Respondent-Appellee.

No. 71-3232.

United States Court of Appeals, Fifth Circuit.

Jan. 8, 1973.

Morton Orbach, Miami, Fla., Court-appointed for petitioner-appellant.

Robert L. Shevin, Atty. Gen., Tallahassee, Fla., Joel D. Rosenblatt, Asst. Atty. Gen., Miami, Fla., for respondent-appellee.

Before RIVES, WISDOM and RONEY, Circuit Judges.

PER CURIAM:

This is another habeas case in which the petitioner contends that the district court denied him relief without a hearing. We affirm, principally on Townsend v. Sain, 1963, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770.

In 1969, James F. Dempsey, the petitioner, was convicted of second degree murder in a Florida state court and sentenced to a term of thirty-five years. His conviction was affirmed on direct appeal, Dempsey v. State, 1970 Fla.App. 3rd, 238 So.2d 446. Later, the Florida Supreme Court denied his petitions for certiorari and habeas corpus. On May 12, 1971, Dempsey filed a petition for a writ of habeas corpus in the United States District Court for the Southern District of Florida. He alleged that his right against self-incrimination had been violated because the state trial court admitted into evidence a statement made after he was taken into custody and had requested assistance of counsel.[1]

---

1. The Florida District Court of Appeal, in summarizing the facts relating to Dempsey's arrest, stated:

Appellant was arrested and booked by the police of the City of Miami Beach for drunkenness. Approximately one and one-half hours later he was transported by officers of the City of Miami to the City of Miami Homicide Bureau. During the trip between Miami Beach and Miami appellant asked for an attorney. Upon arrival at the City of Miami Police Department appellant was advised of his rights under the decision of the United States Supreme Court in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Appellant was placed in the office of a Lieutenant Shepherd, while necessary preparation was being done. Approximately two hours after arrival at the Homicide Bureau a Sergeant Cinilia requested appellant to sign a written statement concerning his rights. At that time the appellant refused to make a formal statement. Shortly afterward Sergeant Cinilia left the room because of a phone call. About a minute later the appellant made the following statement to Lieutenant Shepherd: Mr. Shepherd, you know I did it; and I know I did it, but you'll never prove it

The district court denied Dempsey's first petition but later granted his petition for a rehearing. The district court found that the state trial court had conducted a full and fair hearing on petitioner's motion to suppress and that there was ample evidence to support the state court's decision that Dempsey's statement was voluntary and was not a product of interrogation. The district court held that the statement was admissible and that the petition for a writ of habeas corpus must be denied. Dempsey appealed.

It is well established that there is no absolute requirement that the district court conduct an evidentiary hearing. When a full and fair hearing has been held in the state court, the district court may, in its discretion, admit into evidence the transcript of that hearing in lieu of an independent hearing. In addition to Townsend v. Sain, *supra*, see Dillard v. Smith, 5 Cir. 1970, 430 F.2d 1294; Chisolm v. Wainwright, 5 Cir. 1970, 427 F.2d 1138; Ryan v. Wainwright, 5 Cir. 1970, 424 F.2d 198; Walker v. Wainwright, 5 Cir. 1969, 409

F.2d 1311; Heyd v. Brown, 5 Cir. 1969, 406 F.2d 346. The state court's findings are presumed to be correct. 28 U.S.C. § 2254.[2] If the state court did not make *express* findings of fact, the district court may determine whether the state court impliedly found material facts. Furthermore, if the state court did not articulate the constitutional standards applied, the district court may presume that the state court applied correct findings, in the absence of evidence that an incorrect standard was applied. Townsend v. Sain, *supra*; 28 U.S.C. § 2254.

Although here the state court did not make express and detailed findings of fact and law, the record clearly indicates that the state court found that Dempsey's statement was voluntary.[3] The district court made its own examination of the record and also found that the statement was voluntary. In these circumstances, we conclude that the district court was not required to hold an evidentiary hearing.

Dempsey contends, however, that he was not fully apprised of his rights

---

because I am a perfectionist, and I'll walk away from this one like I walked from the other. The Grand Jury won't indict me. Dempsey v. State, 1970 Fla. App.3rd, 238 So.2d 446.

2. Section 2254(d) provides, in pertinent part:

(d) In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct. . . .

3. The record reveals the following comment regarding admission into evidence of Dempsey's statement:

THE COURT: I think you have presented it effectively, so I understand your position on what the holdings are, generally, in this area. On the testimony and evidence presented, the Court

would deny your motion to suppress in all particulars.

The trial court then determined that Dempsey's statement was admissible. In Jackson v. Denno, 1964, 378 U.S. 368, 378, 379, 84 S.Ct. 1774, 1781, 1782, 12 L.Ed.2d 908, the Supreme Court, in referring to the "Massachusetts procedure" under which the jury passes on the voluntariness of the confession only after the judge has independently resolved the issue, stated:

[A]fter the judge has fully and independently resolved the issue [voluntariness of the confession] against the accused, the judge's conclusions are clearly evident from the record since he either admits the confession into evidence if it is voluntary or rejects it if involuntary.

Florida follows the "Massachusetts procedure" of an independent hearing before the judge out of the presence of the jury. *See* Williams v. State, 1945, 156 Fla. 300, 22 So.2d 821; Graham v. State, 1956, 91 So.2d 662. On the case at bar, the trial judge held an independent hearing to determine voluntariness. Thus, his finding that Dempsey's statement was voluntary is implicit in the fact that he admitted the statement into evidence.

because his attorney told him that the state would "bring up defendant's prior criminal record at the subsequent trial" if he testified at the pretrial hearing on the motion to suppress. Dempsey argues that he should now be permitted to testify on the issue of voluntariness. We disagree. The district court may reject such self-serving testimony if, as here, it is contradicted by the record and not otherwise credible. Lujan v. United States, 5 Cir. 1970, 431 F. 2d 871. Since there is ample evidence that Dempsey's statement was voluntarily made, the district court did not abuse its discretion in refusing to permit Dempsey to testify.

The decision of the district court must be affirmed.

Affirmed.

RIVES, Circuit Judge (dissenting):

The state trial court conducted an evidentiary hearing but made no express findings of fact. Instead, it simply ruled that "on the testimony and evidence presented the court would deny your motion to suppress in all particulars." (R. 561.) The federal district court relied upon the facts as found by the state appellate court in affirming the judgment of conviction. Dempsey v. State, D.C.App.Fla., 3rd Dist., 1970, 238 So.2d 446.

Appellant's statement to Lieutenant Shepherd quoted in n. 1 to the majority opinion was found not to have been the result of questioning, but to have been made approximately two hours after the appellant had asked for a lawyer, and when one had not been provided. Appellant's request for counsel should have been honored within a reasonable time under all of the circumstances. Beyond such time, appellant should not be subjected to the risk of making a damaging statement without the advice of counsel. I would reverse for an evidentiary hearing as to whether appellant's statement was a result of a failure or refusal to provide him counsel within a reasonable time after his request.