Juan M. BANDA, Petitioner-Appellant,

v.

W. J. ESTELLE, Jr., Director, Texas Dept. of Corrections, Respondent-Appellee.

No. 75–2355
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 19, 1975.

Certiorari Denied Dec. 8, 1975.
See 96 S.Ct. 467.

J. W. Cooper, Jr., Corpus Christi, Tex. (court-appointed), for petitioner-appellant.

Alvin K. James, Calvin Botley, Asst. Attys. Gen., John L. Hill, Atty. Gen., Houston, Tex., for respondent-appellee.

Before THORNBERRY, MORGAN and RONEY, Circuit Judges.

PER CURIAM:

This is an appeal from the denial of a petition for *habeas corpus* filed in the United States District Court for the Southern District of Texas. Petitioner, Juan Banda, was convicted in state court of robbery by assault and possession of heroin, and is presently serving two concurrent twenty-five year sentences. In a state *habeas* proceeding following his conviction, petitioner alleged ineffective assistance of counsel, the breach of a plea-bargaining agreement, and the involuntary character of his guilty plea to both charges. Following a lengthy hearing on petitioner's allegations, the state court denied the requested relief, and the denial was affirmed by the Texas Court of Criminal Appeals without written opinion. Petitioner then filed the instant *habeas* petition in federal district court alleging the same infirmities in his conviction as raised in the state *habeas* proceeding. Relying solely on the record of the state *habeas* hearing, the federal district court below denied the petition

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

without holding an independent evidentiary hearing.[1]

 The testimony given in the state *habeas* proceeding, and on which the district court relied, bore primarily on the customary procedures followed in the court that convicted petitioner and the habitual practices of the prosecutor and petitioner's attorney in their handling of criminal cases. None of the parties testifying, except petitioner, had any independent recollection of the details of petitioner's trial.[2] Petitioner testified that the judge failed to admonish him as to the consequences of his guilty plea, and that his appointed attorney failed to advise him of either his right to appeal or his right to withdraw his guilty plea upon sentencing beyond the terms of his plea-bargaining agreement. The customary procedure and habit testimony of the other witnesses at the state hearing contradicted petitioner at every point. Making the necessary credibility determination, the state court chose to disbelieve petitioner's testimony. Witnesses in a hearing on a petition for *habeas corpus* need not testify from their personal recollection of the particular trial under attack. Rather, evidence as to standard practice or customary procedure can be used to demonstrate compliance with constitutional standards. *Webster v. Estelle*, 5 Cir. 1974, 505 F.2d 926, 930. The burden of proof is on petitioner in a *habeas corpus* action, *Swain v. Alabama*, 1965, 380 U.S. 202, 226–27, 85 S.Ct. 824, 839–40, 13 L.Ed.2d 759;

*Williams v. Estelle*, 5 Cir. 1974, 500 F.2d 206, and the state court's findings are presumed to be correct. 28 U.S.C. § 2254(d); *Farmer v. Caldwell*, 5 Cir. 1973, 476 F.2d 22. From our examination of the record of the state *habeas* proceeding in this case, we cannot say that the district court below erred in denying the petition or in failing to hold an independent evidentiary hearing. *See Dempsey v. Wainwright*, 5 Cir. 1973, 471 F.2d 604; *Dillard v. Smith*, 5 Cir. 1970, 430 F.2d 1294; *Chisolm v. Wainwright*, 5 Cir. 1970, 427 F.2d 1138. The decision of the district court is affirmed.

---

1. Petitioner failed to prosecute an appeal from his convictions to the Texas Court of Criminal Appeals. Consequently, no record was preserved of the proceedings at his trial. Where the record of the state *habeas* proceeding reveals a full and fair hearing on all of the challenges raised in the petition, the district court may proceed to decision without the benefit of a further evidentiary hearing. *See Nobles v. Beto*, 5 Cir. 1971, 439 F.2d 1001. Indeed, where the hearing is full and fair, as was the case in the instant appeal, the benefit of an essentially duplicative hearing in federal court is difficult to discern. The state court made express factual findings against petitioner following the testimony of petitioner himself, his court-appointed counsel, the prosecutor, and

the court reporter and bailiff present at his trial. Even had the state court not made express factual findings, the district court could have determined whether the state court impliedly found the material facts, in addition to applying the correct constitutional standards to those facts. *Townsend v. Sain*, 1963, 372 U.S. 293, 313, 83 S.Ct. 745, 757, 9 L.Ed.2d 770; *Dempsey v. Wainwright*, 5 Cir. 1973, 471 F.2d 604.

2. For example, the prosecutor testified that while the presiding judge in question always and routinely admonished defendants as to the consequences of a guilty plea, he could not swear, on the basis of present recollection, that the judge, in fact, admonished Juan Banda as to the consequences of his guilty plea.