Leroy CARVER, Petitioner,

v.

James D. WHARTON, Warden,
Respondent.

Civ. A. No. CV 581–29.

United States District Court,
S. D. Georgia,
Waycross Division.

Jan. 26, 1982.

Leroy Carver, pro se.

Nicholas G. Dumich, Atlanta, Ga., for respondent.

## ORDER

ALAIMO, Chief Judge.

Petitioner is an inmate at the Middle Georgia Correctional Institution in Hardwick, Georgia. He filed a petition in this Court for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254 on May 20, 1981.

Petitioner received a twelve-month sentence for the offense of driving under the influence of alcohol on September 13, 1976, after he pled guilty to the charge before Judge Benjamin Smith of the State Court of Ware County. Since D.U.I. is a misdemeanor offense, these state court proceedings were not transcribed. *See Ga.Code Ann.* § 27–2401 (transcript only required in felony cases). Subsequently, petitioner was convicted of aggravated assault, on January 20, 1977, in the Ware County Superior Court and received a ten-year concurrent sentence.

Prior to filing this action under 28 U.S.C. § 2254, petitioner sought state *habeas corpus* relief in the Superior Court of Baldwin County, alleging the same grounds for re-

lief that he now raises before this Court. A hearing was held before Judge Hugh P. Thompson on September 4, 1980, and on December 9, 1980, Judge Thompson denied the petition. The Supreme Court of Georgia denied petitioner's application for a certificate of probable cause to appeal on February 18, 1981.

Petitioner raises the following grounds for relief before this Court: (1) Petitioner was denied the right to counsel in that he was allowed to plead guilty to the charge of D.U.I. in the State Court of Ware County and was sentenced to a twelve (12)-month sentence without being advised that he had the right to be represented by counsel. (2) Petitioner was deprived of four (4) months jail-time credit toward his aggravated assault sentence in that he was not given credit for the period of time between September 13, 1976 (the date he pled guilty to the offense of D.U.I.) and January 20, 1977 (the date of his conviction for aggravated assault). (3) Petitioner was denied a reduction in his security status at Middle Georgia Correctional Institution because of his conviction for driving under the influence of alcohol. (4) Petitioner was denied due process of law in that the State Board of Pardons and Paroles considered petitioner's previous conviction for D.U.I. when setting the date for his parole eligibility and in ultimately denying him parole.

"Under 28 U.S.C. § 2254(d), the findings of fact by [a] state court after a full and fair hearing on the merits are generally presumed to be correct upon federal review unless the proceeding in the state court falls within one of the statutory exceptions which rebut the presumption of reliability."[1] *Mendenhall v. Hopper*, 453 F.Supp. 977, 979 (S.D.Ga.1978); *see Sumner v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981); *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). Moreover, "[w]here a *habeas* petitioner has already received full and fair hearing at the state level and the petition alleges no new facts, the district court is not required to hold a hearing." *Brown v. Jernigan*, 622 F.2d 914, 916 (5th Cir. 1980); *see Blasingame v. Estelle*, 604 F.2d 893, 895 (5th Cir. 1979).

■ After carefully reviewing the record in this case, the Court finds that the Superior Court of Baldwin County conducted a full and fair hearing on the merits of all of the grounds for relief which petitioner now raises before the Court and that none of the statutory exceptions enumerated in 28 U.S.C. § 2254 is satisfied. The Court, therefore, accepts the findings of fact contained in the state court's order. In addition, since petitioner alleges no new facts, the Court will proceed to apply the proper federal legal standards to the state findings

1. 28 U.S.C. § 2254(d) provides, in pertinent part, that: "[i]n any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear, or the respondent shall admit—

(1) that the merits of the factual dispute were not resolved in the State court hearing;

(2) that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing;

(3) that the material facts were not adequately developed at the State court hearing;

(4) that the State court lacked jurisdiction of the subject matter or over the person of the applicant in the State court proceeding;

(5) that the applicant was an indigent and the State court, in deprivation of his constitutional right, failed to appoint counsel to represent him in the State court proceeding;

(6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceeding; or

(7) that the applicant was otherwise denied due process of law in the State court proceeding;

(8) or unless that part of the record of the State court proceeding in which the determination of such factual issue was made, pertinent to a determination of the sufficiency of the evidence to support such factual determination, is produced as provided for hereinafter, and the Federal court on a consideration of such part of the record as a whole concludes that such factual determination is not fairly supported by the record . . . ."

of fact without the benefit of a further evidentiary hearing. *Banda v. Estelle*, 519 F.2d 1057, 1058 n.1, *cert. denied*, 423 U.S. 1024, 96 S.Ct. 467, 46 L.Ed.2d 398 (1975).

## I. The Validity of Petitioner's D.U.I. Conviction

■ It is well settled "that waivers of federal constitutional rights are to be judged by federal standards. They are, therefore, not simply factual findings within the meaning of section 2254(d)." *Kennedy v. Pinkney*, 473 F.Supp. 1279, 1283 (C.D. Ill.1979); *see Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969); *Brookhart v. Janis*, 384 U.S. 1, 4, 86 S.Ct. 1245, 1246, 16 L.Ed.2d 314 (1966). Since petitioner received a twelve-month sentence for D.U.I. in the State Court of Ware County, it is clear that he had the right to be represented by counsel at those proceedings. *Argersinger v. Hamlin*, 407 U.S. 25, 37, 92 S.Ct. 2006, 2012, 32 L.Ed.2d 530 (1972). The respondent in this case concedes that petitioner was not represented when he entered his plea of guilty to the D.U.I. charge. (Respondent's memorandum at p. 6). By entering a plea of guilty, petitioner waived his privilege against compulsory self-incrimination, his right to trial by jury, and his right to confront his accusers. *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969). Thus, this Court must decide whether petitioner intelligently and understandingly waived not only his right to counsel, but these other rights which are forfeited as a consequence of entering a guilty plea. *See Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

### A. Right to Counsel

■ If petitioner "did not know about his right to appointed counsel and was not clearly advised of that right, then there could not possibly be an intentional relinquishment or waiver of that right." *Molignaro v. Dutton*, 373 F.2d 729, 730 (5th Cir. 1967). The Fifth Circuit Court of Appeals has recognized that "the mere statement that a defendant was advised of his constitutional right to appointment of counsel prior to waiver of same" is not sufficient to establish an understanding and intelligent waiver of counsel since such a statement " 'provides little insight into either the nature of, or the circumstances surrounding, the advice ....' " *Craig v. Beto*, 458 F.2d 1131, 1135–36 (5th Cir. 1972) (*quoting Molignaro v. Dutton*, 373 F.2d 729 (5th Cir. 1967); *see Moran v. Estelle*, 607 F.2d 1140, 1144 (5th Cir. 1979); *Dulin v. Henderson*, 448 F.2d 1238, 1240 (5th Cir. 1971). This view of what constitutes sufficient evidence of a valid waiver of constitutional rights is mandated by the Supreme Court's holding that "[p]resuming waiver from a silent record is impermissible." *Carnley v. Cochran*, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70 (1962).[2] While recognizing that

---

**2.** It has been firmly established that the ultimate burden of proof in a *habeas corpus* proceeding is on the petitioner. *Swain v. Alabama*, 380 U.S. 202, 226–227, 85 S.Ct. 824, 839, 13 L.Ed.2d 759; *Webster v. Estelle*, 505 F.2d 926, 928–29 (5th Cir. 1974); *Banda v. Estelle*, 519 F.2d 1057, *cert. denied*, 423 U.S. 1024, 96 S.Ct. 467, 46 L.Ed.2d 398 (1975). As noted above, however, the Supreme Court has made it clear that it is impermissible to presume a waiver of constitutionally mandated rights from a silent record. *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969) (impermissible to presume waiver of three federal rights involved in entering a plea of guilty); *Carnley v. Cochran*, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70 (1962) (impermissible to presume waiver of the right to counsel). Speaking specifically about the right to counsel, the Court stated that "[t]he record must show or there must be an allegation and evidence which show that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver." *Carnley v. Cochran*, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70 (1962). Thus, it is incumbent upon the state to introduce evidence on the issue of waiver. *Goodwin v. Smith*, 439 F.2d 1180, 1182 (5th Cir. 1971). Moreover, it is the duty of a district court to determine whether any evidence actually offered by the state discloses enough about how or why a petitioner waived his rights to fairly indicate that the petitioner knowingly and intelligently waived his rights so as to insure that a finding of waiver does not amount to a presumption in favor of waiver. *See Moran v. Estelle*, 607 F.2d 1140, 1143–44 (5th Cir. 1979). In this sense, it can be said that the burden rests on the state to establish that a petitioner

the waiver of constitutional rights is not to be presumed or lightly inferred, the Fifth Circuit has emphasized that "witnesses in a hearing on a petition for *habeas corpus* need not testify from their personal recollection of the particular trial under attack. Rather, evidence as to standard practice or customary procedure can be used to demonstrate compliance with constitutional standards." *Banda v. Estelle,* 519 F.2d 1057, 1058 (5th Cir.), *cert. denied,* 423 U.S. 1024, 96 S.Ct. 467, 46 L.Ed.2d 398 (1975), *see Webster v. Estelle,* 505 F.2d 926, 930 (5th Cir. 1974), *cert. denied,* 421 U.S. 918, 95 S.Ct. 1581, 43 L.Ed.2d 785 (1975).

 In this case, the primary evidence of waiver is an affidavit by Judge Benjamin Smith of the State Court of Ware County concerning his common practice in accepting guilty pleas. This common practice affidavit was utilized since Judge Smith could not recollect the actual sentencing of the petitioner after the lapse of four years between petitioner's plea of guilty to the charge of D.U.I. and the state *habeas corpus* proceeding.[3] Judge Smith's affidavit is far more than a mere statement that petitioner waived his right to counsel. His affidavit reveals much about the nature of, and the circumstances surrounding, petitioner's waiver of that right. Judge Smith stated that it was his common practice to inform defendants of their right to counsel and to notify defendants that if they could not afford an attorney, one would be appointed for them. Judge Smith attested that he would then ask the defendants which came before him whether they understood their right to counsel, and that after listening to a defendant's response he

would provide further clarification if necessary.

The state court chose to credit Judge Smith's affidavit and to disbelieve petitioner's contradicting allegations. Common practice affidavits are, again, permissible evidence of compliance with constitutional standards, *Banda v. Estelle,* 519 F.2d 1057, 1058 (5th Cir.), *cert. denied* 423 U.S. 1024, 96 S.Ct. 467, 46 L.Ed.2d 398 (1975) and, indeed "[[s]tates are] to be encouraged in exploring all administrative improvisations for the development of the facts." *Molignaro v. Dutton,* 373 F.2d 729, 730 (5th Cir. 1967); *Goodwin v. Smith,* 439 F.2d 1180, 1183 (5th Cir. 1971). The Court finds that the petitioner voluntarily and knowingly waived his right to counsel.

### B. The Guilty Plea

 "Before accepting a guilty plea, the trial judge must be convinced that the defendant's decision is voluntary in the sense that it is made knowingly, intelligently and not as the result of coercion by the state or anyone else." *Brown v. Jernigan,* 622 F.2d 914, 915 (5th Cir. 1980). Despite the fact that a guilty plea acts as a waiver of a defendant's privilege against self-incrimination, right to trial by jury and right to confront his accusers, "there is no requirement that there be express articulation and waiver of [these] three constitutional rights ... by the defendant at the time of acceptance of his guilty plea, if it appears from the record that the accused's plea was intelligently and voluntarily made, with knowledge of its consequences." *McChesney v. Henderson,* 482 F.2d 1101,

---

knowingly and voluntarily waived his rights. *Moran v. Estelle,* 607 F.2d 1140, 1143 (5th Cir. 1979); *McDonald v. Estelle,* 536 F.2d 667, 671 (5th Cir. 1976), *vacated and remanded on other grounds,* 433 U.S. 904, 97 S.Ct. 2967, 53 L.Ed.2d 1088 (1977).

3. The Court finds it unnecessary to rule on the issue of delay in the presentment of this *habeas corpus* petition, having decided this case on substantive grounds. It should be noted, however, that due to the four-year delay between the plea of guilty and the initiation of the state *habeas corpus* proceeding, this federal petition

borders on a petition subject to dismissal under the Rules Governing § 2254 cases in the United States District Courts: "A petition may be dismissed if it appears that the state of which the respondent is an officer has been prejudiced in its ability to respond to the petition by delay in its filing unless the petitioner shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred." Fed.R.App.Proc. 22, Rules Governing § 2254 cases in the United States District Court, Rule 9(a).

1102, 1110 (5th Cir. 1973); *see Brown v. Jernigan*, 622 F.2d 914, 915–16 (5th Cir. 1980). Evidence obtained at state post-conviction proceeding may be used in determining whether a guilty plea is valid. *Fisher v. Wainwright*, 584 F.2d 691, 693 (5th Cir. 1978); *McChesney v. Henderson*, 482 F.2d 1101 (5th Cir. 1973).

▮ In this case, the affidavit of Judge Smith is sufficient to show that petitioner's plea was intelligently and voluntarily made, with full knowledge of its consequences. Judge Smith's affidavit states that he routinely informed the defendants who pled guilty before him of the maximum and minimum sentences which might be imposed for their offenses. If his affidavit is credited, it establishes that, as a matter of course, Judge Smith informed defendants of, not only their right to counsel, but also of their right to trial by jury and to confront and cross-examine witnesses. Judge Smith testified that he informed defendants that a plea of guilty involved the waiver of these latter rights. Judge Smith made inquiry to determine whether any promises, force or threats were responsible for the guilty pleas entered in his court, and to determine whether the defendants before him were under the influence of any drugs or intoxicants. Although there is no indication in Judge Smith's affidavit that he specifically mentioned petitioner's privilege against self-incrimination, such express articulation was not required in light of the overall evidence that petitioner's guilty plea was made "intelligently and voluntarily, with knowledge of its consequences." *McChesney v. Henderson*, 482 F.2d 1101, 1102, 1110 (5th Cir. 1973); *see Brown v. Jernigan*, 622 F.2d 914, 915–16 (5th Cir. 1980). The petitioner's argument that his pleas of guilty to the charge of D.U.I. was invalid is without merit.

## II. Jail-Time

▮ The Court finds no merit in petitioner's second allegation that he was deprived of four (4) months jail-time credit toward his aggravated assault sentence. The record shows that petitioner's jail-time was calculated in accordance with *Ga. Code Ann.* § 27–2530. The time which petitioner spent incarcerated between September 13, 1976 (the date he pled guilty to the offense of D.U.I.) and January 20, 1977 (the date of his conviction for aggravated assault) was not time "spent in confinement awaiting trial," *Ga. Code Ann.* § 27–2530, but rather time served under the twelve-month D.U.I. conviction imposed by the State Court of Ware County. *See Tucker v. Stynchcombe*, 239 Ga. 356, 236 S.E.2d 623 (1977). The proper calculation of petitioner's jail time under Georgia law violates no federal right cognizable under 28 U.S.C. § 2254.

## III. Denial of Reduction in Security Status

▮ "Classification of inmates is a matter of prison administration and management with which federal courts are reluctant to interfere except in extreme circumstances." *Young v. Wainwright*, 449 F.2d 338, 339 (5th Cir. 1971). Petitioner alleges that his rights have been violated because his D.U.I. conviction was considered in denying him trustee status at the Middle Georgia Correctional Institution. Despite the opportunity to do so, petitioner failed to present any evidence at his state court hearing that the staff at Middle Georgia even considered his D.U.I. conviction in making their decision. Moreover, given the Court's conclusion in part I of this opinion, it cannot be said that the consideration of petitioner's valid prior convictions would be error even if proven. "Prison officials must have broad discretion, free from judicial intervention, in classifying prisoners in terms of their custodial status." *McGruder v. Phelps*, 608 F.2d 1023, 1026 (5th Cir. 1979). No extreme circumstances requiring federal review are present in this case and petitioner's third allegation is, therefore, dismissed for failure to state a claim upon which relief may be granted. *Young v. Wainwright*, 449 F.2d 338 (5th Cir. 1971).

## IV. Parole

▮ "The Supreme Court has held that the denial of parole does not amount to

a loss of liberty in the due process context." *Jackson v. Reese,* 608 F.2d 159, 160 (5th Cir. 1979); *see Greenholtz v. Nebraska Penal Inmates,* 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). Petitioner alleges that he was denied due process of law in that the State Board of Pardons and Paroles considered his previous conviction for D.U.I. in both setting the date for his parole eligibility and in ultimately denying him parole. His contention concerning the setting of the date for his parole eligibility was put to rest by part II of this opinion. The time between September 13, 1976 (the date he pled guilty to the offense of D.U.I.) and January 20, 1977 (the date of his conviction for aggravated assault) was properly not credited against his sentence for aggravated assault for purposes of determining the date of petitioner's eligibility for parole. In addition, since the Court has held in part I of this opinion that petitioner's conviction for D.U.I. is free from constitutional defect, petitioner was not denied any right by reason of the Board's consideration of his valid prior offenses. The record shows that the Board based its decision "on number and/or seriousness of prior convictions, problems with alcoholism, assaultive behavior pattern and poor work history . . . ."

It is apparent that the State Board of Pardons and Paroles' decision was not arbitrary or capricious and that petitioner's final claim is not of constitutional dimension.

Thus, this Court concludes that all of petitioner's complaints raised in this petition are without merit. Accordingly, the petition is DENIED.