Steven Jerome FIKE,
Petitioner–Appellant,

v.

Lionel JAMES, Warden, and the Attorney General of the State of Alabama, Respondent–Appellee.

No. 86–7896
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Dec. 15, 1987.

Don Siegelman, Atty. Gen., J. Elizabeth Kellum, Asst. Atty. Gen., for State of Ala., Montgomery, Ala., for respondent-appellee.

Before TJOFLAT, CLARK and EDMONDSON, Circuit Judges.

PER CURIAM:

Steven Jerome Fike, an Alabama inmate, was convicted of murder in 1982. He is currently serving a sentence of life imprisonment. In 1986 he filed this petition, pro se, for a writ of habeas corpus. Fike alleges that the Alabama trial court improperly admitted into evidence a statement taken from him in violation of the rules established by *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Upon a report and recommendation of the magistrate for the Northern District of Alabama, the district court denied the writ.

The material facts relating to Fike's claims are as follows. Fike was arrested in Decatur, Georgia on February 5, 1982. Sergeants House and James of the Jefferson County, Alabama, Sheriff's Department traveled to Decatur to return Fike to Alabama. Before returning to Alabama, the officers advised Fike of his constitutional rights and Fike waived those rights by executing a written waiver form. Fike then indicated that he would speak only with Lieutenant Haynes of the Jefferson County Sheriff's Department or Nolan Shivers of the Birmingham Police Department. No questioning took place at that time.

When the officers and Fike arrived at the sheriff's department during the early morning hours of February 6, members of the local media were waiting. Fike told news reporters that he would have no comment until he had consulted with an attorney. Once inside the station house, Lieutenant Haynes and Sergeant James attempted to interrogate Fike. Fike then invoked his right to remain silent and requested access to an attorney. These officers, however, continued to interrogate Fike and obtained a statement from him; but the prosecution never attempted to introduce this statement at Fike's trial. Sergeant House was not present during this interrogation and was unaware that the officers had obtained a statement in this manner.

Around 3:00 a.m. the same morning, Sergeant House transported Fike to the Jefferson County Jail in Bessemer, Alabama. The record indicates that Fike then requested that Sergeant House speak with him. Sergeant House, however, declined and suggested that Fike rest before the two men conduct another interview. They agreed to meet later that day, at 3:00 p.m. At this meeting, which Fike requested, he executed a second written waiver of his *Miranda* rights, and gave a statement which was introduced as evidence during his trial. It is the validity of this statement which Fike challenges. He claims that because he twice invoked his right to remain silent, pending consultation with an attorney, he should not have been questioned

without an attorney, and that the resulting statement is inadmissible under *Miranda*.

The voluntariness of a confession is subject to independent federal review. *Miller v. Fenton*, 474 U.S. 104, 106 S.Ct. 445, 88 L.Ed.2d 405 (1985). Any confession not given voluntarily and, if made by one in custody, not preceded by the warnings prescribed by *Miranda*, is inadmissible. *See Michigan v. Tucker*, 417 U.S. 433, 94 S.Ct. 2357, 41 L.Ed.2d 182 (1974). As Fike correctly points out in his brief, the first statement obtained by Sergeants James and Haynes would have been inadmissible if the prosecution had attempted to introduce it as evidence.

However, under the rule of *Edwards v. Arizona*, 451 U.S. 477, 485, 101 S.Ct. 1880, 1885, 68 L.Ed.2d 378 (1981), Fike was not "powerless to countermand his election" to remain silent:

[A]n accused, ... having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police.

*Id.* at 484–85, 101 S.Ct. at 1885. In this case, there is substantial evidence to support a finding that Fike initiated the second communication with Sergeant House which resulted in the statement used at his trial. Subsequent to defense counsel's motion to suppress the statement, the following exchange between the trial judge and Sergeant House took place:

THE COURT: As I understand, gentlemen, just to make sure I understand the chronology of events, Mr. Fike was returned to Jefferson County in the early morning hours of February 6, 1982; is that correct?

THE WITNESS: Yes, sir.

THE COURT: Apparently, approximately at 1:13 A.M., there was a conversation between Lt. Don Haynes and Sgt. Max James and this defendant. Sgt. House was not present. And during the course of that questioning, Mr. Fike makes the statement, "Because from this moment on I'm quiet until an attorney is present," and other things.

MR. TUCKER [For the State]: I agree to that.

THE COURT: As I understand it then, Sgt. House transported Mr. Fike from the Sheriff's Office to Jefferson County Jail. As I understand the testimony, Sgt. House had no communication with Sgt. James or Lt. Haynes concerning the substance of the 1:13 A.M. interview, is that correct, Sgt. House?

THE WITNESS: Yes, sir.

THE COURT: While at the Jefferson County Jail in Bessemer, Steven Fike indicated to you he wanted to talk to you.

THE WITNESS: Yes, sir.

THE COURT: And at that time you told him to get a good night's sleep and we will talk about it later. At that time an appointment was made to talk to the defendant at approximately 3:00 o'clock on the same day but several hours later on February 6, 1982.

THE WITNESS: Yes, sir.

THE COURT: As I understand your testimony, you were not aware of what Mr. Fike may have stated to a reporter or TV news person concerning the request for an attorney.

THE WITNESS: Not at that time, no, sir.

THE COURT: I understand. Prior to you taking a statement were you aware of it?

THE WITNESS: No, sir.

THE COURT: Are [counsel] satisfied that is the chronology of events?

Trial Transcript, Vol. 2 at 278–79. Although the trial court did not specifically find that Fike initiated the communication with Sergeant House, this exchange reflects the trial court's view of the evidence, namely, that Sergeant House was unaware that Fike had requested to speak with an attorney. Had the court not so believed Sergeant House, it could not have properly admitted the statement into evidence. Even where state courts make no express findings, federal courts reviewing petitions for habeas corpus are entitled to "recon-

struct the findings of the state court, 'either because [the state trial judge's] view of the facts is plain from his opinion or because of other indicia.'" *Thompson v. Linn,* 583 F.2d 739 (5th Cir.1978) (quoting *Townsend v. Sain,* 372 U.S. 293, 314, 83 S.Ct. 745, 758, 9 L.Ed.2d 770 (1963)); *see also Dempsey v. Wainwright,* 471 F.2d 604, 606 (5th Cir.1973) (district court may determine whether state court impliedly found material facts).

In appealing his conviction, Fike raised the same issue he raises here. The Alabama Court of Criminal Appeals explicitly found that Fike had initiated contact with Sergeant House. *Fike v. State,* 447 So.2d 850, 855–56 (Ala.Cr.App.1983). This finding is amply supported in the record that was before the Alabama court, which included a transcript of Fike's interview with Sergeant House. Sergeant House was careful to preserve evidence that it was Fike who had sought to have an interview:

> Q. [Sgt. House] Steve, this morning it was as best I can recall somewhere between probably 2:30 a.m. and 3:30 a.m. I don't know the exact time that I brought you to the Bessemer County Jail here in Bessemer on Saturday, February 6, 1982, is that about right?
>
> A. [Fike] Yes sir.
>
> . . . .
>
> Q. Did you at that time if you recall ask one of the deputies to ask me to wait before I left that you might have had something that you wanted to say to me?
>
> A. Yes sir.
>
> Q. All right. And I, infact [sic] I waited instead of leaving at that time, is that right?
>
> A. Yes sir.
>
> Q. And I believe at that time you requested or asked me that I come back up here today somewhere probably around 3:00 o'clock.
>
> A. Yes sir.

Trial Transcript, Vol. 5 at 30.

Factual findings made by a state court are entitled to a presumption of correctness under 28 U.S.C. § 2254(d), in the absence of any of the circumstances noted in the statute.[1] Although the Supreme Court recently held that the presumption of correctness does not apply to a conclusion regarding the voluntariness of a confession, *Miller,* 474 U.S. at 106, 106 S.Ct. at 450, the Court left open the question whether "federal habeas courts must accord the statutory presumption of correctness to state court findings concerning the validity of a waiver." *Id.* at 108 n. 3, 106 S.Ct. at 449 n. 3. The Court explained, however, that the resolution of subsidiary factual issues, including "circumstances of the interrogation," are "conclusive on the habeas court if fairly supported in the record and if the other circumstances enumerated in § 2254(d) are inapplicable." *Id.* at 117, 106 S.Ct. at 453. None of those other circumstances appear applicable here.

The statute thus requires that we accord a presumption of correctness to the finding

---

1. The presumption of correctness holds unless it appears:

     (1) that the merits of the factual dispute were not resolved in the State court hearing;

     (2) that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing;

     (3) that the material facts were not adequately developed at the State court hearing;

     (4) that the State court lacked jurisdiction of the subject matter or over the person of the applicant in the State court proceeding;

     (5) that the applicant was an indigent and the State court, in deprivation of his constitutional right, failed to appoint counsel to represent him in the State court proceeding;

     (6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceeding; or

     (7) that the applicant was otherwise denied due process of law in the State court proceeding;

     (8) or unless that part of the record of the State court proceeding in which the determination of such factual issue was made, pertinent to a determination of the sufficiency of the evidence to support such factual determination, is produced as provided for hereinafter, and the Federal court on a consideration of such part of the record as a whole concludes that such factual determination is not fairly supported by the record.

28 U.S.C. § 2254(d).

that Fike initiated communication with Sergeant House. Because Fike thereby waived his right to counsel, the judgment of the district court denying the petition for a writ of habeas corpus must be affirmed.

AFFIRMED.